EDWIN A. LOMBARD, Judge.
|gOn appeal, counsel for the juvenile, L.V., asserts that the trial court erred in imposing an illegally excessive disposition and in imposing a fee payable to the Judicial Expense Fund in excess of the statutory maximum. The State agrees. Accordingly, after review of the record in light of the applicable law, we vacate the juvenile’s sentence, amend the fee assessment, and remand for resentencing.

Relevant Facts and Procedural History

On September 5, 2013, L.V. was adjudicated delinquent for the offense of aggravated assault, a violation of La.Rev.Stat. 14:37. At the disposition hearing on October 17, 2013, the trial court sentenced the juvenile to six months in the custody of the Department of Safety and Corrections and, upon completion of his commitment, to two years of active probation. In addition, the trial court assessed a $55.00 fine to be paid into the Judicial Expense Fund. Excessive Sentence
In accordance with Article 900(A) of the Louisiana Children’s Code, “No judgment of disposition shall remain in force for a period exceeding the maximum term for the offense which forms the basis for the adjudication.... ” The maximum sentence for aggravated assault is six months of imprisonment. La.Rev.Stat. 14:37(C). As the State points out “the fact that the maximum sentence was ^imposed negates the ability of the trial court to then impose an additional sentence, in this case, two additional years of active probation, after the appellant has served his maximum sentence.
Therefore, we vacate the juvenile’s sentence and remand the matter to the trial court for imposition of sentence in accordance with La. Ch.Code art. 900(A) and La.Rev.Stat. 14:37(C).

Excessive Fee

L.V. argues that the $55.00 fee exceeds the maximum amount allowed under La. Rev.Stat. 13:1595.2 and that the practice of depositing the fees assessed by the court into the Judicial Expense Fund is “constitutionally odious due to the pecuniary interest that the court has in assessing to the Judicial Expense Fund.
Pursuant to La.Rev.Stat. 13:1595.2(A), in all delinquency cases in juvenile court, a sum of fifty dollars is taxed as a cost to each juvenile adjudicated delinquent and, pursuant to La.Rev.Stat. 13:1592.2(B), the sums collected are then placed into a separate account designated as the judicial expense fund for the Orleans Parish Juvenile Court. As the State concedes, the fee assessed by the trial court in this matter exceeds the statutory maximum.
Therefore, we amend the fee assessment to the amount of fifty dollars ($50.00) as provided for in La.Rev.Stat. 13:1595.2(A). Because the constitutionality of La.Rev. Stat. 13:1592.2(B) is not properly before us, we pretermit any discussion of this issue.

Conclusion

|4We affirm the adjudication for the offense of aggravated assault but vacate the juvenile’s sentence, amend the fee assess *189 ment, and remand the matter to the trial court for resentencing.
ADJUDICATION AFFIRMED; SENTENCE VACATED; FEE AMENDED; REMANDED.